UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                   No. 98-4008

BENNIE T. WOODS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-97-270)

Submitted: June 9, 1998

Decided: June 26, 1998

Before WIDENER, MURNAGHAN, and ERVIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michele S. Nelson, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Bennie T. Woods appeals from his conviction, pursuant to a guilty plea, of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g) (West Supp. 1998). Woods was sentenced to thirty-seven months' imprisonment, three years' supervised release, and a $100 special assessment. Finding no error, we affirm.

Counsel for Appellant has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing whether the district court conducted a proper plea hearing pursuant to Fed. R. Crim. P. 11, and whether the district court erred in sentencing Woods to the high end of the applicable guideline range. Counsel concedes, however, that there are no meritorious issues for appeal. Woods was informed of his right to file a pro se supplemental brief, but failed to file one.

We accord great deference to the district court's conviction of the Rule 11 hearing, and evaluate alleged Rule 11 violations under a harmless error standard. See United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir. 1991). We will vacate a conviction resulting from a guilty plea only if the trial court's violation of Rule 11 affected a defendant's substantial rights. Id. at 117. Our review of the record reveals that the district court fully discussed the nature and elements of the charge against Woods, the applicable penalties, including the effect of supervised release, and ensured that he consulted with and was satisfied with his counsel. The court also addressed the rights Woods forfeited by virtue of his plea, discussed the impact of the Sentencing Guidelines, and ascertained that there was a factual basis for the plea. Finally, the court questioned Woods to ensure that his plea was voluntary. Accordingly, we find no violation of Rule 11, much less one that affected Woods' substantial rights.

Counsel also raises as a potential claim the district court's imposition of a sentence at the high end of the applicable guideline range. We lack authority, however, to review a sentence that falls within a correctly calculated guideline range and applicable statutory maximum. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). Woods' applicable guideline range was thirty to thirty-seven months'

imprisonment, and the maximum statutory term of imprisonment was ten years. See 18 U.S.C.A. § 922(g). Accordingly, because Woods' sentence did not exceed the maximum provided by the guidelines or the statute, we lack authority to review it.

In accordance with the requirements of Anders , we have reviewed the record for potential error and have found none. Therefore, we affirm Woods' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3